UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
MANJU AGGARWAL AND SUKHDEV
AGGARWAL,

              Plaintiffs,

    -against-

PICK FIVE IMPORTS, INC. d/b/a/
MAXI MATIC, USA ABL, LLC, and
MACY'S, INC.,

              Defendants.
------------------------------------------------------X

MEMORANDUM AND ORDER

CV 10-0614

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 15 2012 ★
LONG ISLAND OFFICE

APPEARANCES:

    KARDISCH, LINK & ASSOCIATES, P.C.
    By: JOSH H. KARDISCH, ESQ.
    80 East Old Country Road
    Mineola, NY 11501
    Attorneys for Plaintiffs

    AHMUTY, DEMERS & MCMANUS
    BY: ROBERT H. HINDMAN, ESQ.
    750 Roanoke Avenue
    Riverhead, New York 11901
    Attorneys for Defendant Pick Five Imports, d/b/a/ Maxi Matic, USA

    MORENUS, CONWAY, GOREN & BRANDMAN
    BY: PATRICIA K. RECH, ESQ,
    58 South Service Road, Suite 350
    Melville, New York 11747
    Attorneys for Lehrhoff ABL, LLC

    LESTER SCHWAB KATZ & DWYER, LLP
    BY: ROBERT N. DUNN, ESQ.
    120 Broadway 38th Floor
    New York, New York 10271
    Attorneys for Macy's, Inc.

WEXLER, District Judge

This is a product liability action brought pursuant to this court's diversity jurisdiction. Plaintiff, Manju Aggarawal ("Plaintiff") alleges that she was injured while using a juice extractor sold under the name "Elite Gourmet by Maxi-Matic," bearing the model number TS-738 (the "Juicer"). Specifically, Plaintiff alleges that while using the Juicer on September 5, 2008, a portion of the product broke, scattering pieces of plastic, one of which hit Plaintiff in the eye. Plaintiff had purchased the Juicer approximately one year prior to the September 2008 incident, using it without any problem. She seeks damages arising from her September 2008 eye injury. Plaintiff's husband, Sukhdev Aggarwal, seeks damages for the loss of his wife's services.

Named as Defendants are: (1) Pick Five Imports, Inc., d/b/a/ Maxi-Matic, Inc. ("Pick Five"); (2) Lehrhoff ABL, LLC ("Lehrhoff"), and (3) Macy's, Inc. ("Macy's"). Pick Five is the entity that purchased juicers sold under the model number identified by Plaintiff from a company known as "Semco Corporation," a Taiwanese manufacturer which is not named as a Defendant herein. After importing juicer, Pick Five sold them to Defendant Lehrhoff, a distributor. Lehrhoff thereafter sold juicers to Macy's. All Defendants have cross-claimed against each other.

Presently before the court is Macy's motion for summary judgment as to its cross-claim against Lehrhoff. Macy's seeks a judgment that it is entitled to indemnification and to be held harmless with regard to Plaintiffs' claims. Macy's further seeks judgment on its claim that Lehrhoff has breached its vendor agreement with Macy's which requires all vendors to secure and maintain appropriate insurance.

## BACKGROUND

I.  Chain of Distribution

As noted, Plaintiff alleges that the Juicer was used, without incident, from the time of purchase sometime in 2007 until September 8, 2008. Although Plaintiff has not been able to produce a receipt of sale referencing her purchase of the Juicer, she alleges that it was purchased from a Macy's retail store located in Douglaston, New York in 2007. It is clear that juicers bearing the same model number as Plaintiff's were, in fact, sold by Lehrhoff to Macy's. Although Pick Five indicates that the particular juicer model used by Plaintiff was discontinued in 2005, Lehrhoff states that it purchased such juicers from 2003 through 2006. Those juicers are stated by Lehrhoff to have been distributed to Macy's during that same time period. Lehrhoff has produced a document indicating those shipments, noting that the last such shipment was made on May 18, 2006.

Plaintiff has produced and supplied Macy's with several credit card receipts, seeking documentation of the purchase of the Juicer. Macy's has been unable to provide documents indicating the precise items sold in connection with any of the credit card receipts produced by Plaintiff.

II.  Macy's Agreement With Vendors

Macy's has come forward with affidavit testimony and documents that it contends show the terms under which it did business with all vendors during the time period that Lehrhoff distributed juicers to Macy's. During that time period, Macy's states that its vendors were required to register with Macy's at "macysnet." Access to macysnet is stated to allow Macy's vendors to monitor the status of their accounts. Macy's explains that registered macysnet users

are required to accept vendor standards included in "Terms and Conditions of Purchase Orders" (the "Terms and Conditions").

Among the terms alleged to have been agreed to by macysnet users during 2006-2006, is a broad indemnification clause providing for vendors to indemnify and hold Macy's harmless from all claims arising form the use of vendor products. That clause also gives Macy's the right to retain counsel and to thereafter be reimbursed by the vendor for its defense costs. The Terms and Conditions in effect during the relevant time period are also stated to require that vendors procure appropriate products and liability insurance, and to name Macy's and its affiliates on such policies as additional insureds. Macy's states that it has produced indicating that Lehrhoff was a macysnet registered user from March of 2002 through September of 2009.

III.    Macy's Motion and Lehrhoff's Opposition

Macy's seeks summary judgment on its claim against Lehrhoff for indemnification and reimbursement of counsel fees. It also seeks judgment on its claim that Lehrhoff has failed to procure the insurance coverage required by the Terms and Conditions. Lehrhoff opposes the motion. First, Lehrhoff disputes that the Juicer was in fact, one of the juicers that it sold to Macy's. Stating that the documentation produced by Macy's is somewhat illegible, it disputes that it was a registered macysnet user, and that the Terms and Conditions applied in 2005 or 2006. Thus, Lehrhoff disputes that it ever agreed to the Terms and Conditions when it became a Macy's vendor.

## DISCUSSION

I.    Standards on Motion for Summary Judgment

The standards for summary judgment are well settled. Rule 56(c) of the Federal Rules of

Civil Procedure 56(c), states that summary judgment is appropriate only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Reiseck v. Universal Commc'ns of Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010). The moving party bears the burden of showing entitlement to summary judgment. See Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005). In the context of a Rule 56 motion, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party " 'must do more than simply show that there is some metaphysical doubt as to the material facts .... [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.' " Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002), quoting, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original). As the Supreme Court stated in Anderson, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). "[T]he mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. Id. at 247-48 (emphasis in original). The nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "

'concrete particulars' " showing that a trial is needed. R.G. Group, Inc. v. Horn & Hardart Co., 751 F.2d 69, 77 (2d Cir. 1984), quoting, SEC v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir.1978). Accordingly, it is insufficient for a party opposing summary judgment " 'merely to assert a conclusion without supplying supporting arguments or facts.' " BellSouth Telecomms., Inc. v. W.R. Grace & Co., 77 F.3d 603, 615 (2d Cir. 1996), quoting, Research Automation Corp., 585 F.2d at 33.

II.     Disposition of the Motion

The court observes first that there is no issue of fact as to whether the Juicer was of the type that was sold by Lehrhoff to Macy's during the relevant time period. It appears, at this juncture, that Plaintiff will likely be able to establish at trial her alleged chain of distribution, i.e., from Pick Five, to Lehrhoff, to Macy's, and ultimately to Plaintiff. The court holds, however, that the facts before it in the context of this motion which involves less that all of the parties, do not require a grant of summary judgment and a finding of fact as to this important and dispositive issue. Instead, the court will allow this fact to be established at trial. The court will similarly allow the trier of fact, if necessary, to decide Lehrhoff's unlikely argument that the Juicer was somehow altered by Macy's.

The court agrees that the documentary evidence submitted in support of the argument that Lehrhoff was a registered macysnet user, and agreed to the Terms and Conditions in 2005 and 2006 is somewhat unclear. Evidence of such an agreement, as well as evidence as to whether insurance was required and procured by Lehrhoff, can be more clearly presented, and subject to cross-examination at trial.

In view of the fact that trial in this matter is scheduled for June 4, 2012, the court will

deny the motion without prejudice to renewal at trial. Counsel are reminded that jury selection in this case will go forward, as previously scheduled, on June 4, 2012 at 9:00 A.M.

## CONCLUSION

For the foregoing reasons, Macy's motion for summary judgment is denied without prejudice to renewal at trial on June 4, 2012.

SO ORDERED

                                                LEONARD D. WEXLER
                                                UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
        May 15, 2012